# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SAMANTHA BARASH,

        Plaintiff,

v.

WALT DISNEY PARKS AND
RESORTS U.S., INC.,

        Defendant.

Case No.

## DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446

Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR") seeks to remove this case, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, because this Court has original federal question jurisdiction over Plaintiff Samantha Barash's ("Plaintiff") claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq., and supplemental jurisdiction over her Florida statutory law claims. In support of its notice of removal, WDPR states and alleges the following:

I. **FACTUAL SUMMARY**

1. On December 15, 2023, Plaintiff filed a complaint (the "Complaint") against WDPR in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

2. The Complaint, Summons, Standing Case Management Plan/Order, and Civil Cover Sheet served on WDPR is attached as **Exhibit A**. All other pleadings and orders in the state court action are attached as **Exhibit B**.

3. In her Complaint, Plaintiff alleges that WDPR, as her employer, discriminated and retaliated against based on her disability in violation of the ADA. Ex. A, Compl. ¶¶ 17, 24, 48-65. She also asserts identical state law claims under the Florida Civil Rights Act of 1992, Chapter 760, et seq. ("FCRA").

4. As set forth below, removal of this action is proper because: (i) WDPR has complied with the statutory requirements for removal; (ii) venue is proper in this District; (iii) the Court has original federal question jurisdiction over Plaintiff's ADA claims; and (iv) the Court has supplemental jurisdiction over Plaintiff's FCRA claims.

II. **WDPR COMPLIED WITH THE STATUTORY REQUIREMENTS FOR REMOVAL**

5. WDPR's removal of this action is timely. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of

2

the initial pleading." The 30-day period runs from the date the complaint was formally served on the defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). WDPR was served with the Summons and Complaint on December 21, 2023, and this notice of removal is filed within 30 days of that date.

6. Pursuant to 28 U.S.C. § 1446(a), WDPR is simultaneously filing a copy of all process, pleadings, and orders in the state court action.

7. Pursuant to 28 U.S.C. § 1446(d), WDPR will provide notice of this removal to Plaintiff and will file a written notice of this removal with the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

### III. VENUE IS PROPER IN THIS DISTRICT

8. Pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), venue lies in, and this case properly may be removed to, the United States District Court for the Middle District of Florida because this case is in Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, which is located within this District.

### IV. THIS COURT HAS ORIGINAL FEDERAL QUESTION JURISDICTION OVER PLAINTIFF'S ADA CLAIMS

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."

10. The district courts shall have original jurisdiction of all civil actions

3

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11. Plaintiff's Complaint contains two federal causes of action under the ADA, which are written into the United States Code. Ex. A, Compl. ¶ 2, 48-65 (citing 42 U.S.C. § 12111, et seq.). Accordingly, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's ADA claims arises under the laws of the United States. *See e.g.*, *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 772 n.1 (11th Cir. 1999) ("Because [plaintiff's] complaint was based in part on the federal Americans with Disabilities Act, the lawsuit raised a federal question, and removal pursuant to 28 U.S.C. § 1441 was therefore proper."); *Quitto v. Bay Colony Golf Club, Inc.*, No. 2:06-cv-286, 2006 WL 2598705, at *2 (M.D. Fla. Sept. 11, 2006) ("The Court clearly has jurisdiction over the federal statutory claims.").

## V.  THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE REMAINING CLAIMS

12. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the actions within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

13. Plaintiff's remaining FCRA claims relate to and emanate from the

alleged discrimination and retaliation that Plaintiff experienced during her employment with WDPR. *See* Ex. A, Compl. ¶¶ 29-47. The Court has supplemental jurisdiction over Plaintiff's state-law claims because they are so related to her federal ADA claims as to form part of the same case or controversy under Article III of the United States Constitution, and because they are substantial to and arise out of the same nucleus of operative facts as Plaintiff's federal ADA claims such that they should be tried together in one action. Considerations of convenience, judicial economy, and fairness to the litigants also strongly favor this Court exercising jurisdiction over all of Plaintiff's claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1996).

## VI. **REMOVAL IS PROPER**

14. In light of the foregoing, this action may be removed to this Court in accordance with 28 U.S.C. § 1441 because: (i) this action is pending within the jurisdiction of the United States District Court for the Middle District of Florida; (ii) this action is brought under the laws of the United States; and (iii) the related state law claims are within the Court's supplemental jurisdiction.

15. This action is therefore properly removed to this Court from the Circuit Court for the Ninth Judicial Court in and for Orange County, Florida.

## VII. **RESERVATION OF RIGHTS**

16. Nothing in this notice of removal is intended to waive any defense

or affirmative right that WDPR has or may have against Plaintiff or any of the allegations set forth in her Complaint.

17. If any question should arise concerning the propriety of the removal of this action, WDPR requests the opportunity to brief and otherwise address any disputed question that this action is removable.

## CONCLUSION

18. For all of the foregoing reasons, WDPR removes this action from the Circuit Court for the Ninth Judicial Court in and for Orange County, Florida.

Dated: January 18, 2024             Respectfully submitted,

/s/ *Kristin A. Taylor*
Kristin A. Taylor
Florida Bar No. 1019775
McDermott Will & Emery LLP
1180 Peachtree Street NE
Suite 3350
Atlanta, GA 30309
Phone: (404) 260-8580
Facsimile: (404) 393-5260
kataylor@mwe.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record on the Service List below.

> */s/ Kristin A. Taylor*
> Kristin A. Taylor

## SERVICE LIST

Daniel H. Hunt, Esq.
Florida Bar No.: 121247
P.O. Box 565096
Miami, FL 33256
dhuntlaw@gmail.com
Telephone: (305) 495-5593
Facsimile: (305) 513-5723

Attorney for Plaintiff